1
2
3
4
5
6
7
8
9
10
11
12
13
14
15

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DENA JEAN BURGESS,

             Plaintiff,                    CIV-S-05-0568 FCD GGH PS

    vs.

CHRIS ANDREWS,
SHASTA COUNTY RECORDER,

             Defendant.           FINDINGS AND RECOMMENDATIONS

_____/

16
17
18
19

        Plaintiff, proceeding pro se in this action, filed a complaint styled "Emergency Petition: For Writ of Mandamus; Notice of Motion and Motion to Expunge NFTL, Memorandum of Point and Authority, with Affidavit"[1] on March 24, 2005, against defendant, Shasta County Recorder, Chris Andrews.

20
21

        On June 9, 2005, defendant's motions to dismiss came on for hearing.[2]   Plaintiff appeared on her own behalf.  Monique Grandaw appeared on behalf of defendant.

22
23
24
25

   [1] On April 4, 2005, plaintiff filed an almost identical document, styled "First Amended Emergency Petition: For Writ of Mandamus; Notice of Motion and Motion to Expunge Notice of Federal Tax Liens (NFTL); Memorandum of Point and Authority; Exhibits A, B, & C Attached; with Affidavit,"  which included exhibits of the notices of federal tax liens.

26

   [2] The case is before the undersigned pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72-302(c)(21).

1    Plaintiff seeks to sue defendant in his official capacity as Shasta County Recorder

2    for what she construes as improper recordation of notices of federal tax liens against her.  In the

3    complaint, plaintiff claims federal question jurisdiction pursuant to 28 U.S.C. § 1331.  However,

4    plaintiff fails to set forth further facts or law supporting this statute as a basis for jurisdiction.  At

5    the hearing, plaintiff failed to provide any explanation as to this court's jurisdiction over the

6    subject matter of her complaint.

7    A federal court is a court of limited jurisdiction, and may adjudicate only those

8    cases authorized by the Constitution and by Congress.  See Kokkonen v. Guardian Life Ins. Co,

9    511 U.S. 375, 377, 114 S. Ct. 1673, 1675 (1994).  U.S. Const. Art. III, § 1 provides that the

10   judicial power of the United States is vested in the Supreme Court, "and in such inferior Courts

11   as the Congress may from time to time ordain and establish."  Congress therefore confers

12   jurisdiction upon federal district courts, as limited by U.S. Const. Art. III, § 2.  See Ankenbrandt

13   v. Richards, 504 U.S. 689, 697-99, 112 S. Ct. 2206, 2212 (1992).  Lack of subject matter

14   jurisdiction may be raised at any time by either party or by the court.  See Attorneys Trust v.

15   Videotape Computer Products, Inc., 93 F.3d 593, 594-95 (9th Cir. 1996).

16   The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal

17   question" and "diversity" jurisdiction, respectively.  Statutes which regulate specific subject

18   matter may also confer federal jurisdiction.  See generally, W.W. Schwarzer, A.W. Tashima & J.

19   Wagstaffe, Federal Civil Procedure Before Trial § 2:5.  Unless a complaint presents a plausible

20   assertion of a substantial federal right, a federal court does not have jurisdiction.  See Bell v.

21   Hood, 327 U.S. 678, 682, 66 S. Ct. 773, 776 (1945).  A federal claim which is so insubstantial as

22   to be patently without merit cannot serve as the basis for federal jurisdiction.  See Hagans v.

23   Lavine, 415 U.S. 528, 587-38, 94 S. Ct. 1372, 1379-80 (1974).  No basis for diversity

24   jurisdiction is demonstrated.

25   For federal question jurisdiction pursuant to 28 U.S.C. § 1331, the complaint must

26   either (1) arise under a federal law or the United States Constitution, (2) allege a "case or

2

1  controversy" within the meaning of Article III, § 2, or (3) be authorized by a jurisdiction statute.

2  Baker v. Carr, 369 U.S. 186, 198, 82 S. Ct. 691, 699-700, 7 L. Ed. 2d 663 (1962).  Plaintiff has

3  failed to plead any facts or offer any explanation that demonstrates a federal question under this

4  standard.

5          The mere fact that plaintiff's complaint involves notices of federal tax liens does

6  not automatically confer federal jurisdiction.  Neither does any federal statute confer jurisdiction

7  on this court to compel a county recorder to justify his recordation of a notice of a federal tax

8  lien.  Even if plaintiff had sued the Internal Revenue Service concerning the liens against her

9  property, this court would still lack jurisdiction absent some independent ground for federal

10 jurisdiction.  Even 28 U.S.C. § 2410, the statute authorizing suit against the United States for

11 actions affecting real and personal property, does not confer jurisdiction in this case.  It is well

12 settled that 28 U.S.C. § 2410 does not, by itself, confer jurisdiction upon the district courts, but

13 rather presupposes the existence of some independent ground of federal jurisdiction.  Bartell v.

14 Riddell, 202 F. Supp. 70, 73 (S.D. Cal. 1962) (citing Wells v. Long, 162 F.2d 842, 844 (9th Cir.

15 1947); Seattle Ass'n of Credit Men v. United States, 240 F.2d 906, 908 (9th cir. 1957); United

16 States v. Coson, 286 F.2d 453, 455 (9th Cir. 1961)).  Where, however, an independent basis of

17 federal jurisdiction exists, Section 2410 constitutes a waiver of sovereign immunity by the

18 United States.  Id.  This is not such an action.  Plaintiff has alleged no independent basis of

19 federal jurisdiction, and even if she had, this statute would not apply to a defendant county

20 recorder.  Plaintiff's complaint is simply one against a county official for alleged improper

21 recordation of notices of tax liens.  Such complaint is not authorized by a jurisdiction statute,

22 does not arise under a federal law or the United States Constitution, and does not allege a "case

23 or controversy" within the meaning of Article III.

24          Accordingly, IT IS RECOMMENDED that:

25          1.  Plaintiff's claims against defendant be dismissed with prejudice, without leave

26 to amend.

3

1           These findings and recommendations are submitted to the United States District

2    Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within ten

3    (10) days after being served with these findings and recommendations, any party may file written

4    objections with the court and serve a copy on all parties.  Such a document should be captioned

5    "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

6    shall be served and filed within ten (10) days after service of the objections.  The parties are

7    advised that failure to file objections within the specified time may waive the right to appeal the

8    District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

9    DATED: 7/1/05

10                       /s/ Gregory G. Hollows

11                       _____
                         GREGORY G. HOLLOWS
                         UNITED STATES MAGISTRATE JUDGE

12   burgess0568.mtd

13

14

15

16

17

18

19

20

21

22

23

24

25

26

4